UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MARGARET E. ANDERSON ) | |
| and husband, EVERT ANDERSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 2:12-00037 |
| ) | JUDGE SHARP |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

This is a premises liability case governed by Tennessee substantive law. Plaintiff Margaret E. Anderson claims she tripped and fell at a Wal-Mart Supercenter Store in Crossville, Tennessee as a result of the store's negligence. Her husband, Plaintiff Evert Anderson, brings a derivative claim for loss of consortium.

Defendant Wal-Mart Stores East, L.P. has filed a Motion for Summary Judgment. In support of that motion, and in accordance with Local Rule 56.01(b), Wal-Mart filed a concise statement of facts that, in its entirety, reads:

> Plaintiffs cannot identify what object or condition caused Mrs. Anderson to trip and fall. See Anderson Deposition at pp. 29-31, 36-37, 51-52 and 54.

(Docket No. 16 at 1). Under the Local Rules, "[a]ny party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed," with each disputed fact "supported by specific citation to the record." L.R. 56.01(c). Plaintiffs did not respond to Wal-Mart's statement

1

of fact and, under the local rules, this means that the asserted fact is "not disputed for purposes of summary judgment." Id. 56.01(g).

Instead of responding to the statement of facts presented by Wal-Mart, Plaintiffs incorporated a "Facts" section in their response brief that reads:

> On March 21, 2011, the Plaintiff, Margaret E. Anderson, while on the real property owned by the Defendant, tripped over an uneven paver on the Defendant's sidewalk. The Plaintiff fell because of the condition of the sidewalk and fell, violently striking the ground, causing severe injuries and a fracture of her patella. The Defendant admits that the Plaintiff fell and suffered these injuries on the Defendant's real property of which the Defendant exercised complete control over at all times material hereto. The location of the Plaintiff's fall was in an area that is frequented by the Defendant's employees and agents daily.

(Docket No. 19). This is insufficient for a counter-statement of facts, not only because it is not set out separately, but also, and more importantly, because the statement is not supported by a specific citation to the record as required by Local Rule 56.01(c).

The only thing in the record that the Court can find which supports the suggestion that Mrs. Anderson fell on an uneven paver is an allegation in the Complaint. But, "[t]o defeat a motion for summary judgment, a plaintiff 'can no longer rely on the conclusory allegations of [her] complaint.'" Warf v. U.S. Dept. of Veteran's Affairs, 713 F.3d 874, 878 (6th Cir. 2013) (citation omitted). Rather, she must come forward with "probative evidence tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see, Celotex Corp. v. Catrett, 477 U.S. 317, 323-4 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]").

The Complaint aside, Wal-Mart has submitted designated portions of Mrs. Anderson's deposition in which she repeatedly testified that she has no idea what she may have tripped over. This dooms her negligence claims which requires her to show, among other things, both cause in

2

fact and proximate cause.  McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995) (setting forth elements of a negligence claim).

Moreover, "[b]usiness proprietors are not insurers of their patron's safety." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004). "In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." (Id.).

Without any proof of what may have caused Mrs. Anderson to trip, no reasonable jury could conclude that the condition was caused by Wal-Mart, or that it had actual or constructive notice of the condition prior to the accident. See, Psillas v. Home Depot, U.S.A., Inc., 66 S.W.3d 860, 865 (Tenn. Ct. App. 2001) ("The fatal flaw in the [plaintiffs'] case is that they cannot identify the object or condition that cut their son when he fell off the roll of carpet on which he and his sister had been playing.  Because this object or condition is unknown, the [Plaintiffs] will never be able to prove that Home Depot's employees created the condition or that the condition had existed long enough to be discovered if Home Depot's employees had acted reasonably."). Given Mrs. Anderson's deposition testimony, a jury would have to speculate not only that she tripped on a uneven paver, but also that Wal-Mart knew or should have known that there was an uneven paver. "'Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.'" Cobb v. Keystone Memphis, LLC, 2013 WL 2141015 at *7 (6th Cir. May 20, 2013) (emphasis in original) (quoting, Hedberg v. Ind. Bell Tel. Co., Inc., 47

3

F.3d 928, 932 (7th Cir.1995).

Plaintiffs' invocation of the *res ipsa loquitur* doctrine in their response brief does not save Mrs. Anderson's negligence claim.

"Under Tennessee law, *res ipsa loquitur* is a form of circumstantial evidence that permits, but does not compel, a jury to infer negligence from the circumstances of an injury." Cannon v. McKendree Village, Inc., 295 S.W.3d 278, 284 (Tenn. Ct. App. 2008) (collecting cases). "The doctrine does not dispense with the plaintiff's burden of proof, but it merely allows an inference of negligence where the jury has a common knowledge or understanding that events which resulted in the plaintiff's injury do not ordinarily occur unless someone was negligent." Id.

A plaintiff asserting *res ipsa loquitur* "must demonstrate that he or she was injured by an instrumentality that was in the defendant's exclusive control and that the injury would not ordinarily have occurred in the absence of negligence." Seavers v. Methodist Med. Ctr., 9 S.W.86, 91 (Tenn. 1999). "[T]he 'exclusive control' element serves the purpose of demonstrating that the causal negligence was probably the defendant's, *i.e.*, that the defendant is responsible for the plaintiff's injury." Deuel v. Surgical Clinic, PLLC, 2010 WL 3237297 *12 (Tenn. Ct. App. Aug. 16, 2010). "All that is required is evidence from which reasonable persons can say that, on the whole, it is more likely that negligence attributable to the defendant caused the plaintiff's injury." Burton v. Warren Farmers Co-op, 129 S.W.3d 513, 523 n.4 (Tenn. Ct. App. 2002).

People fall all the time but this does not perforce mean that the fall was due to another's negligence or something that was in another's control. In the absence of any evidence as to what may have caused Ms. Anderson to fall, it simply cannot be said that it is more likely than not that Wal-Mart's negligence led to her injuries.

4

In sum, a jury in this case would only be able to speculate that Wal-Mart is responsible for Ms. Anderson's injuries. However, negligence is not "presumed by the mere happening of an injury or accident," and "[w]here there is a complete absence of proof as to when and how the dangerous condition came about, it [is] improper to permit the jury to speculate." <u>Hardesty v. Service Merchandise Co., Inc.</u>, 953 S.W.2d 678, 683 (Tenn. App. 1997).

Accordingly, Wal-Mart's Motion for Summary Judgment will be granted, and judgment will be entered in its favor and against Plaintiffs.

An appropriate Order will be entered.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE